JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0103 AG (RNBx) | Date | May 31, 2013 |
|---|---|---|---|
| Title | MICHAEL HOPKINS v. BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO COMPEL ARBITRATION

Plaintiff Michael Hopkins ("Plaintiff") has brought a purported class action against Defendant BCI Coca-Cola Bottling Company of Los Angeles ("Defendant") for various labor code violations. (First Am. Compl. ("FAC"), Dkt. No. 1, at 1.)

Plaintiff worked for Defendant at its San Diego branch from October 2006 until September 2012. (FAC, ¶ 4.) At all relevant times, Plaintiff was classified as a salaried employee exempt from overtime pay and related benefits. (*Id.*) Before starting employment, Plaintiff signed an arbitration agreement (the "Agreement") with Defendant. (Sims Decl., Exhibit A, Dkt. No. 14-6, at 2.)

Defendant has filed a Motion to Compel Arbitration ("Motion") requesting that the Court compel Plaintiff's individual claims to arbitration and either dismiss or stay this litigation. (Motion, Dkt. No. 14, at 1.) The Court issued a tentative order granting the Motion but declined to enter a final order at the time because several related cases were pending, including the en banc ruling in *Kilgore v. KeyBank Nat'l Ass'n*, 697 F.3d 1191 (9th Cir.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0103 AG (RNBx) | Date | June 4, 2013 |
|---|---|---|---|
| Title | MICHAEL HOPKINS v. BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES | | |

`
2012). The Ninth Circuit has now made its en banc ruling in *Kilgore,* and that ruling has not provided the anticipated relevant guidance. The Court is mindful of the possibility of receiving little further guidance on these issues and is unwilling to continue waiting on other courts to address them. The Court finds that the interest of justice counsels against further delay.

The Court also finds that the agreement to arbitrate is valid and encompasses this dispute. *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008).

Setting aside important policy considerations, such as whether it is desirable for courts to be required to enforce injunctions drafted by arbitrators, the Court GRANTS the Motion. The Court DISMISSES the case. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

:   0

Initials of
Preparer        lmb