FILED

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL HOPKINS, an individual , on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>BCI COCA-COLA BOTTLING COMPANY, OF LOS ANGELES, a Delaware Corporation,<br><br>        Defendant - Appellee. | No. 13-56126<br><br>D.C. No. 8:13-cv-00103-AG-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 3, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior District Judge.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Joan Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Michael Hopkins appeals the district court's Order dismissing his California Private Attorney General Act (PAGA) claim and granting a Motion to Compel Arbitration.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand to the district court for further proceedings.

The central issue in this appeal turns on whether the Federal Arbitration Act (FAA) preempts the California rule that "an employee's right to bring a PAGA action is unwaivable."  *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 148 (Cal. 2014).  Although this issue has engendered considerable debate and divergence among district courts, our recent decision in *Sakkab v. Luxottica Retail North America, Inc.* held that "the FAA does not preempt the *Iskanian* rule."  803 F.3d 425, 429 (9th Cir. 2015).  Therefore, the *Iskanian* rule applies to the arbitration agreement between Hopkins and BCI Coca-Cola Bottling Company of Los Angeles (BCI) and Hopkins's waiver of his right to bring a representative PAGA action is unenforceable.

BCI's contention that the FAA requires enforcement of Hopkins's waiver in the arbitration agreement is foreclosed in light of our decision in *Sakkab*.  Although courts must generally enforce arbitration agreements according to their terms, *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989), the FAA permits arbitration agreements to be declared

unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2. "[T]he *Iskanian* rule is a 'generally applicable' contract defense that may be preserved by § 2's saving clause, provided it does not conflict with the FAA's purposes." *Sakkab*, 803 F.3d at 433. The *Iskanian* rule "does not conflict" with the objectives of the FAA and is not preempted. *Id.*

An arbitration agreement is not per se unconscionable, and, in this arbitration agreement, the offending clause waiving representative claims may be severed from the rest of the agreement. The arbitration agreement states that "[t]he invalidity or unenforceability of any provision shall not affect the application of any other provision." It is unclear whether Hopkins argued that this arbitration agreement itself is unconscionable. In any case, he has not demonstrated such unconscionability as it relates to the agreement as a whole.

After severing the clause in the arbitration agreement that waives the right to participate in representative actions, it is unclear whether the parties have agreed to arbitrate such surviving claims or whether they must be litigated instead.[1] Accordingly, we reverse the district court's order dismissing Hopkins's First

---

[1] We note that the arbitration agreement states that "Since this Agreement is intended to provide for the individualized resolution of claims, no provision of this Agreement is to be construed to grant the arbitrator the authority to order collective, representative or class arbitration."

3

Amended Complaint and remand to the district court to decide where Hopkins's representative PAGA claims should be resolved. *See id.* at 440 (remanding to the district court to determine whether representative PAGA claims should be arbitrated or litigated).

**REVERSED and REMANDED**.